UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA BROWN,<br><br>                Plaintiff,<br>v.<br>STARBUCKS CORPORATION,<br><br>                Defendant. | Case No.: 18cv2286 JM (WVG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Defendant Starbucks Corporation ("Starbucks") moves to dismiss Plaintiff Sandra Brown's complaint under Rules 12(b)(6) and 12(b)(2) and to strike Plaintiff's nationwide class allegations. (Doc. No. 8.) Plaintiff opposes. (Doc. No. 9.) On January 8, 2019, the court took this matter under submission. Having carefully considered the moving papers and parties' arguments, the court grants Starbucks' motion to dismiss under Rule 12(b)(6).

## BACKGROUND

Brown asserts eight claims on behalf of herself and putative class members: (1) fraud by omission, (2) negligent misrepresentation, (3) violation of the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"), (4) violation of § 17200 of the California Business & Professions Code ("UCL") for unlawful business practices, (5) violation of § 17200 of the UCL for unfair business practices, (6) violation of California's False Advertising Law, Business and Professions Code § 17500 *et seq.* ("FAL"), (7) breach of express warranties, and (8) breach of implied warranties. (Doc. No. 1, "Compl.")

Brown alleges that the packaging of Starbucks' "Sour Gummies" product (the "Gummies") gives the misleading "impression" that the candies contain only natural

ingredients. The front packaging states—"Apple, watermelon, tangerine and lemon flavored candies." (Doc. No. 8-3, Exh. A, "Gummies Packaging" at 2.)[1]



An ingredients list on the back packaging states that the Gummies contain "sugar, cornstarch, fumaric acid, citric acid, fruit juice concentrates (tangerine, apple, lemon), pectin, sodium citrate, color added (saffron, annatto, vegetable and spirulina extracts), natural flavors." (Doc. No. 8-3 at 3.)[2] Fumaric acid is an artificial ingredient. (Compl. ¶¶ 32, 36-38.)



When she purchased the Gummies, Brown sought a product that was "flavored only with the natural ingredients claimed on the label and which did not contain artificial

---

[1] Starbucks requests the court take judicial notice of images of the product's packaging. (Doc. No. 8-4.) Brown does not oppose this request. The court grants Starbucks's request as the images are not subject to reasonable dispute. See Fed. R. Evid. 201; Kanfer v. Pharmacare US, Inc., 142 F. Supp. 3d 1091, 1098-99 (S.D. Cal. 2015) ("Courts addressing motions to dismiss product-labeling claims routinely take judicial notice of images of the product packaging.") (collecting cases).

[2] All page citations refer to those generated by the court's CM/ECF system.

flavoring." (Compl. ¶ 57.) Brown paid a premium for the Gummies because she believed the product was "naturally-flavored," and would not have purchased the product if she knew it contained artificial ingredients.

Brown alleges that California law required Starbucks to disclose that the Gummies contained artificial ingredients on the front packaging. Brown alleges that, among other violations, Starbucks violated two federal Food and Drug Administration ("FDA") regulations—21 C.F.R. § 101.22, which regulates the labelling of food containing artificial ingredients, and 21 C.F.R. § 102.5, which requires food labels to accurately identify and describe the basic nature of the food or its characterizing properties or ingredients.[3] Brown relied on "the omission of the fact that this Product contained artificial flavoring" on the front packaging to conclude that the Gummies were "naturally-flavored." (Compl. ¶ 77.) Failing to inform the consumer that the Gummies contain artificial ingredients on the front packaging, Brown alleges, "falsely informs the consumer, by operation of law, that the Product is flavored only with natural juices or flavors." (Compl. ¶ 35.)

## LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the pleadings. To overcome such a motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Facts merely consistent with a defendant's liability are insufficient to survive a motion to dismiss because they establish only that the allegations are possible rather than

---

[3] These FDA regulations are incorporated into California's Sherman Food, Drug, and Cosmetic Act ("Sherman Act"), Cal. Health & Safety Code § 109875 et seq. See Sherman Act § 110100 ("All food labeling regulations and any amendments to those regulations adopted pursuant to the federal acts in effect on January 1, 1993, or adopted on or after that date shall be the food regulations of this state.").

plausible. Id. at 678-79. The court must accept as true the facts alleged in a well-pled complaint, but mere legal conclusions are not entitled to an assumption of truth. Id. The court must construe the pleading in the light most favorable to the non-moving party. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995).

Under Federal Rule of Civil Procedure 9(b), a plaintiff must plead fraud with particularity. "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003) (internal quotation marks omitted). Even if "fraud is not a necessary element of a [particular] claim," Rule 9(b) will apply if the plaintiff has "allege[d] a unified course of fraudulent conduct and rel[ied] entirely on that course of conduct as the basis of [the] claim." Id. at 1103.

## DISCUSSION

Starbucks moves to dismiss Brown's complaint for failure to state a claim and for lack of personal jurisdiction over Starbucks for claims asserted by out-of-state class members. Starbucks also moves to strike Brown's nationwide class allegations. The court finds that Brown fails to a state any claim and dismisses the complaint under Rule 12(b)(6).

**A. CLRA, FAL, and UCL Claims**

The CLRA, FAL, and UCL are California consumer protection statutes. The UCL prohibits "unfair competition," which is defined as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Under the FAL, it is unlawful to make or disseminate any statement concerning property or services that is "untrue or misleading." Id. § 17500. The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770.

The UCL, FAL, and CLRA prohibit "not only advertising which is false, but also advertising which although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." Kasky v. Nike, Inc., 27 Cal. 4th 939, 951 (2002) (quoting Leoni v. State Bar, 39 Cal. 3d 609 (1985)); Colgan v. Leatherman Tool Group, Inc., 135 Cal. App. 4th 663, 680 (2006). Plaintiff's claims for misleading

advertising under the UCL, FAL, and CLRA are governed by the "reasonable consumer" test. Williams v. Gerber Prod. Co., 552 F.3d 934, 938 (9th Cir. 2008) (citing Freeman v. Time, Inc., 68 F.3d 285, 289 (9th Cir. 1995)). Under this standard, Plaintiff must "show that 'members of the public are likely to be deceived.'" Id. Although the "reasonable consumer" is not one who is "versed in the art of inspecting and judging a product," Yumul v. Smart Balance, Inc., 733 F. Supp. 2d 1117, 1125 (C.D. Cal. 2010), this test nonetheless "requires more than a mere possibility that [a product's] label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" Ebner v. Fresh, Inc., 838 F.3d 958, 965 (9th Cir. 2016) (quoting Lavie v. Procter & Gamble Co., 105 Cal. App. 4th 496 (2003)). "Rather, the reasonable consumer standard requires a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" Id.

The question of whether a business practice is "deceptive" in most cases presents a question of fact not amenable to resolution on a motion to dismiss. See Williams, 552 F.3d at 938. "However, in certain instances, [a] [c]ourt can properly make this determination and resolve such claims based on its review of the product packaging." Pelayo v. Nestle USA, Inc., 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013).

Brown does not dispute that her UCL, FAL, and CLRA claims are based on Starbucks' allegedly misleading advertising. (Doc. No. 9.) The court, like Brown, applies the "reasonable consumer" standard to these claims. See Williams, 552 F.3d at 938.[4]

---

[4] To the extent Brown's claim for violation of the UCL's unlawful business practices prong is predicated on violation of a provision not governed by the reasonable consumer standard, this claim is dismissed for failure to satisfy Rule 8. The complaint does not identify precisely which statutes and/or regulations are the predicate for Brown's claim for violation of the unlawful prong of the UCL. (See Compl. ¶ 131 (alleging "[a]mong other violations, . . . [Starbucks] violated U.S. FDA and California packaging and labeling regulations"); Id. ¶ 130 (alleging Starbucks' actions were "unlawful under, *inter alia*, FDA regulations and California's Sherman Law").) Brown's opposition also fails to specifically identify the predicate provision or the standard governing this provision.

Starbucks argues that a reasonable consumer would not be misled by the Gummies' packaging. Brown argues that the Gummies packaging "methodically lists each and every fruit flavor on the front of the Product (an affirmative misrepresentation), while failing to disclose the source or origin of these flavors (an omission)." (Doc. No. 9 at 11.) In other words, "[b]y operation of California law, identifying [the four fruit] flavors by name on the Product label without any qualifying language warrants to the consumer that Product is flavored only with natural flavors." (Compl. ¶ 30.)

The complaint fails to plausibly allege that a reasonable consumer would be misled by the Gummies' packaging. The four themes of "reasonable consumer" jurisprudence identified by the court in Brady v. Bayer Corporation are instructive here. See Brady v. Bayer Corp., 26 Cal. App. 5th 1156, 1172 (Ct. App. 2018) (identifying four themes— "literal truth," "common sense," the "front-back problem," and "nature of the brand name"). First, Brown does not allege that the packaging contains any "literally false" statements. See id. Brown argues that "consumers are not unreasonable to assume that a Product that lists an assortment of fruit flavors on its front label contains either the actual fruit, fruit concentrate, fruit puree, or fruit essence of the fruit listed." (Doc. No. 9 at 17.) The court agrees, such a claim might not be dismissed at the motion to dismiss stage. See Williams, 552 F.3d at 936. But this is not that case. The complaint does not allege that the statement the Gummies are "[a]pple, watermelon, tangerine and lemon flavored candies," or any other statement, is false. To the contrary, the ingredients list indicates that the Gummies contain fruit juice concentrates.

Second, common sense dictates that no reasonable consumer would be misled by the Gummies' packaging. See Brady, 26 Cal. App. 5th at 1172. The complaint fails to plausibly allege that Starbucks' fruit "flavors" statement would lead a consumer to believe that the Gummies contain only natural ingredients. Starbucks' statement might lead a consumer to draw conclusions about the product's fruit flavor ingredients, for example, but would not lead a reasonable consumer to infer that the Gummies contain only natural ingredients. Whether the Gummies contain the fruit flavors listed on its packaging is

wholly distinct from the question of whether the product contains any artificial ingredients. See Red v. Kraft Foods, Inc., No. CV 10-1028-GW AGRX, 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012) (cracker packaging that stated "made with real vegetables" and depicted vegetables would not lead a reasonable consumer to believe that the crackers were "healthy" or primarily composed of fresh vegetables); Manchouck v. Mondelez Int'l Inc., No. 13-cv-2148, 2013 WL 5400285, at *1-3 (N.D. Cal. Sept. 26, 2013), aff'd, 603 F. App'x 632 (9th Cir. 2015) (cookie packaging that stated "made with real fruit" when cookies contained fruit puree would not lead reasonable consumer to believe product contained only "real fruit"). Moreover, the term "flavored" implies that the Gummies contain artificial ingredients. Unlike the cases Brown relies on, there are no statements or images on the Gummies' packaging that suggest the candy contains only natural ingredients. See Allred v. Frito-Lay N. Am., Inc., No. 17-CV-1345 JLS (BGS), 2018 WL 1185227, at *5 (S.D. Cal. Mar. 7, 2018) (denying motion to dismiss when packaging stated "[n]o artificial flavors" but product contained malic acid); Allred v. Kellogg Co., No. 17-CV-1354-AJB-BLM, 2018 WL 1158885, at *3 (S.D. Cal. Feb. 23, 2018) (finding a reasonable consumer might "construe the packaging as depicting all natural ingredients and flavors" when it stated "Salt & Vinegar" and "depicted a pile of salt and two bottles, which impliedly contain vinegar," and salt being sprinkled on the chips). The Gummies are clearly visible to the consumer through the transparent packaging. Nothing about the product itself —a brightly-colored, gelatinous candy—would lead a reasonable consumer to conclude that the Gummies contain only natural ingredients.[5]

---

[5] In her complaint, Brown repeatedly mischaracterizes the Gummies' packaging. The packaging, which the court took judicial notice of, contradicts Plaintiff's allegations that the packaging does not disclose the presence of artificial ingredients. (Compl. ¶¶ 21, 42-43, 85.) The ingredients list on the back packaging states that the Gummies contain fumaric acid. (Doc. No. 8-3 at 3.) Plaintiff's allegations that Starbucks falsely advertised the Gummies as "naturally flavored" are similarly misleading. (Compl. ¶ 24.) The Gummies' packaging does not advertise the product as "naturally flavored." The only reference to

Brown alleges that Starbucks maintains a health and wellness campaign and has acknowledged that customers are looking for healthier snacks. Brown fails to explain what connection, if any, exists between Starbucks' health and wellness campaign and its use of artificial ingredients. More importantly, nothing in the complaint connects these allegations to Brown or the allegedly deceptive Gummies' packaging.

Starbucks' alleged failure to abide by federal and California advertising and food labelling requirements, without more, would not mislead a reasonable consumer. In some cases, violation of a product labelling requirement may highlight or support a claim that the product's label or the manner of advertising was misleading. But the touchstone of the court's analysis remains whether the packaging would mislead a reasonable consumer. See Williams, 552 F.3d at 939; Comm. On Children's Television, Inc. v. Gen. Foods Corp., 35 Cal. 3d 197, 210-11 (1983). Cf. Trazo v. Nestle USA, Inc., No. 5:12-CV-2272 PSG, 2013 WL 4083218, at *10 (N.D. Cal. Aug. 9, 2013) ("While regulatory violations might suggest that these statements might be misleading to a reasonable consumer, that alone is not enough to plead a claim under the FAL, CLRA, or the misleading/false advertising prongs of the UCL."). Here, nothing on the Gummies' packaging suggests that the candy contains only natural ingredients. Nor has Brown identified any other circumstances that would lead a reasonable consumer to conclude that the Gummies do not contain artificial ingredients. The complaint fails to plausibly allege that a reasonable consumer would simply assume the absence of an artificial ingredients disclosure on the Gummies' front packaging means the product contains only natural ingredients.

Third, the packaging does not present a "front-back" bait-and-switch problem. See Brady, 26 Cal. App. 5th at 1172. As in Ebner v. Fresh, Inc., "there is no deceptive act to be dispelled" by a disclosure on the front packaging. See Ebner, 838 F.3d at 966 ("Apart from the accurate weight label, there are no other words, pictures, or diagrams adorning

---

"natural flavors" is made in the ingredients list, in conjunction with the complained of "fumaric acid." (Doc. No. 8-3 at 3.)

the packaging, as there were in Williams, from which any inference could be drawn or on which any reasonable belief could be based about how much of the total lip product can be accessed by using the screw mechanism."). As discussed above, nothing on the packaging suggests the Gummies contain only natural ingredients.[6]

Lastly, Brown does not argue that the nature of the brand name is misleading. See Brady, 26 Cal. App. 5th at 1172. In sum, it is implausible that a reasonable consumer would conclude the Gummies contain only natural ingredients. Accordingly, Brown fails to state a claim under the FAL, CLRA, or UCL.

**B. Remaining Claims**

Brown's failure to plausibly allege that Starbucks made any misrepresentation or misleading nondisclosure undermines her remaining claims. Brown does not plausibly allege that Starbucks promised, as a basis of the parties' bargain, that the Gummies would not contain artificial ingredients. See Viggiano v. Hansen Nat. Corp., 944 F. Supp. 2d 877, 893 (C.D. Cal. 2013) ("To prevail on a breach of express warranty claim, a plaintiff must prove that the seller (1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff."). Likewise, Brown fails to state a claim for breach of implied warranties as (1) she does not plausibly allege that the Gummies fail to conform to the promises or affirmations of fact on the label, (2) she does not plausibly allege that Starbucks warranted the Gummies were fit for the specific purpose of "naturally-flavored food product," and (3) the ingredients list discloses that the Gummies contain fumaric acid. See Cal. Com. Code § 2314(2) (the implied warranty may be violated if (1) the product does not "[p]ass without objection in the trade under the contract description," (2) is not "fit for the ordinary purposes for which

---

[6] The parties dispute the effect of the ingredients list on the Gummies' back packaging, which states that the product contains fumaric acid and other ingredients. The ingredients list weighs against Plaintiff, but even without considering the ingredients list, the court concludes that the front packaging would not plausibly mislead a reasonable consumer.

9

such good [is] used," or (3) does not "[c]onform to the promises or affirmations of fact made on the container or label if any"); Backus v. Biscomerica Corp., No. 16-CV-03916-HSG, 2017 WL 1133406, at *5 (N.D. Cal. Mar. 27, 2017) (plaintiff failed to state claim for breach of implied warranty when cookie packaging disclosed presence of trans fat).

For the reasons discussed above, Brown also fails to adequately plead the necessary element of misrepresentation or nondisclosure to support a fraud or fraudulent concealment claim. See Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 990 (2004) (stating that the elements of a fraud claim include a showing of a false representation, concealment, or nondisclosure); Tietsworth v. Sears, 720 F.Supp.2d 1123, 1132-33 (N.D. Cal. 2010) (citing Hahn v. Mirda, 147 Cal. App. 4th 740, 748 (Ct. App. 2007)) (noting that under California law a fraudulent concealment claim must include an allegation that defendant intentionally concealed or suppressed a material fact with the intent to defraud consumers). As to her negligent misrepresentation claim, Brown fails to allege any affirmative representation by Starbucks. See In re Vizio, Inc., Consumer Privacy Litig., 238 F. Supp. 3d 1204, 1230 (C.D. Cal. 2017) (citing Lopez v. Nissan N. Am., Inc., 201 Cal. App. 4th 572, 596 (Ct. App. 2011)) ("Under California law, '[a] negligent misrepresentation claim requires a positive assertion, not merely an omission.'").

In sum, Brown's complaint is dismissed for failure to state a claim. The court grants Plaintiff leave to amend as it is not entirely clear that amendment would be futile.

## CONCLUSION

Starbucks' Rule 12(b)(6) motion to dismiss is granted. Starbucks' Rule 12(b)(2) motion to dismiss and motion to strike are denied as moot. Plaintiff may file any amended complaint within fourteen days of this order.

IT IS SO ORDERED.

DATED: March 1, 2019

JEFFREY T. MILLER
United States District Judge